THE UNITED STATES DISTRICTS COURT

OF MASSACHETTS

EASTERN DIVISION

FILED
IN CLERK'S OFFICE
2025 JUL 28  PM 12: 00
U.S. ... COURT
DISTRICT OF MASS.

---

JAMES NATHANIEL DOUSE, Pro Se.

        Plaintiff

                              **Case Number:**

                              PRIVACY VIOLATION and
                              <u>HIPAA VIOLATION</u>

        Vs.

GREYLOCK, MCKINNON, ASSOCIATES, INC.

            Defendant(s).

---

## **COMPLAINT**

A HIPAA violation refers to the failure to comply with HIPAA rules, which can include unauthorized access, use, or <u>disclosure , or</u> Failed <u>Protection</u>....of Protected Health Information; Defendant has allegedly violated The Privacy Act. Defendant has allegedly violated Breach Of Contract Law.

---

Date July 7, 2025

Respectfully Submitted,       *James N. Douse*

James Nathaniel Douse, Pro se
11523 Palmbrush Trail Unit 138
Lakewood Ranch, Florida 34202
615-582-6318 Cell; 615-316-8373
941-761-5754 Fax
dddneil83@gmail.com

## (I).          INTRODUCTION

1).     COME NOW, James Nathaniel Douse, Sr., Plaintiff in the above-style

civil action, and will Hereinafter, be referenced as Plaintiff.

Greylock McKinnon Associates, Inc. (Boston, MA Head Quarters), hereinafter, be

reference as Defendant.   Plaintiff, James Douse ("Plaintiff"), on behalf of himself
states as follows for this complaint against Defendant Greylock McKinnon
Associates, Inc., ("Greylock McKinnon" or "Defendant"):

**This lawsuit is the result of:**
( a ) Defendant's access to Plaintiff's and Plaintiff's children Personal Identifiable
Information, PII, AND or Personal Health Information, PHI, that allegedly was
exposed and led to a Security Breach or the unauthorized access, Exposure and
failure to Protect to PII and PHI and Others Camp Lejeune Toxic Water litigants
PII and PHI. **Defendant's Breach of Contract** with its clients when it failed to
use reasonable data security measures that could have prevented the Data Breach
resulting ....compromising of Plaintiff and Plaintiff's children PII and PHI

( b )Even the timely Reporting of the Security Breach according to Federal Law.

2).  This is not a "Shot Gun Pleading ". Defendant is in Violation of several

Federal Issues/laws, State Law and the 4th Amendment of the U.S. Constitution.

3). Plaintiff and Others was Ordered by the U.S. Federal District Court for Eastern

District Court Of North Carolina to submit its PII and PHI via

the "Short Form Complaint " which is USED in a Data Entry Platform called

Rubris.com Defendant had access to this Rubris.com Data Entry Platform that

contained Plaintiff's and Others Personal Identifiable Information and Personal

Health Information

4). Defendant allegedly agreed to and was tasked with Protecting the Privacy of

entities listed in Plaintiff's "Short Form Complaint"      via Rubris.com

Additionally, Defendant is in violation Plaintiff's 4th Amendment Of the U.S.

Constitution Rights meaning....:

"The right of the people to be secure in their persons, houses, papers, and effects,:
against unreasonable searches and seizures, shall not be violated, and no Warrant$
shall issue, but upon probable cause, supported by Oath or affirmation, and
particularly describing the place to be searched, and the persons or things ...

See Boyd v. United States 116 U.S. 616 (1886)


**5). Again, In the Failure to Protect and Unauthorized Disclosure of PII, and**

**PHI was Plaintiff's and my two Children, (James, Jr and Danielle) Personal**

**Identifiable Information and Personal Health Information Exposed during**

**the Security Breached.**


6). From Approx. January 2024 Defendant knew that There was a Security

Breach.......but choose not to inform this Plaintiff until April 8, 2024 .....Which is

After its 60 Day Mandatory requirement.


7). Plaintiff is Alleging that Defendant knew of its Security Breach

before January 2024.

## Jurisdictional Statement

### PARTIES:

8). Plaintiff, James Nathaniel Douse, is a natural person and citizen of

Florida, residing in Parrish, Florida, where he intends to remain.

9.). Defendant, Greylock McKinnon Associates, Inc., is incorporated in

Boston, with its principal place of business at 75 Park Plaza, 4th Floor, Boston

Massachusetts 02116. Defendant can be served through its registered agent

Renee Rushnawitz at 75 Park Plaza, 4th Floor, Boston Massachusetts 02116.


10). Before the Data Breach, the private information of Plaintiff and my children

was exactly that-private. Not anymore. Now, their private information is

permanently exposed and unsecure.

### JURISDICTION & VENUE

11). This is not a Class Action Lawsuit......However the Court Would have

subject matter jurisdiction over this action under the Class Action Fairness Act, 28

U.S.C. § 1332(d)(2).

12). Plaintiff is seeking Compensatory and Putative Damages...In this Jurisdiction.

13).   **This Court has personal jurisdiction** over Defendant because it is

headquartered in Massachusetts, and regularly conducts business in Massachusetts.

Plaintiff and Defendant are citizens of different states.

14). **This Court has subject matter jurisdiction** over this action under

Diversity Of Citizenship And Federal question jurisdiction which

exists if the cause of action arises from the Constitution or laws of the United

States. 28 U.S.C. § 1331. Additionally, Defendants are in multiple violations of

The Privacy Act of 1974 (5 U.S.C. § 552a)

- 5 U.S. Code § 552a - Records maintained on individuals
- the Health Insurance Portability and Accountability Act of 1996 (HIPAA)
- Fourth Amendment Of The Constitution
  ( where expectations is that citizens are secure in their papers.......)

See United States v. Blue Cross & Blue Shield of Ala., Inc., 156

F.3d 1098, 1102 (11th Cir. 1998).

15). Additionally, Plaintiff further allege that this district court has
jurisdiction over his action under Federal Rule of Civil Procedure 4(n).   "FRCP

(n) ASSERTING JURISDICTION OVER PROPERTY OR ASSETS.  (1) Federal

Law. The court may assert jurisdiction over property if authorized by a federal

statute. Notice to claimants of the property must be given as provided in the statute

or by serving a summons under this rule.

16). The amount in controversy and Punitive Damages exceeds

$8 million, inclusive Pre and Post Interest Judgment and costs.

headquartered in Massachusetts, and regularly conducts business in Massachusetts.

Plaintiff and Defendant are citizens of different states.

17). **Venue is** proper in this Court because Defendant's principal office is in this

District, and because a substantial part of the event, acts and omission giving rise

to Plaintiff's claims occurred in this District.

(III).

## FACTUAL ALLEGATIONS

Against Greylock McKinnon Associates, Defendant.    **See Exhibit Attachment**

18).    Greylock McKinnon "provides expert economic analysis and litigation

support to a diverse group of domestic and international clients in the legal

profession, the business community, and government agencies.

19).    On information and belief, Greylock McKinnon accumulates highly private

PII of its consumers.

20).    In collecting and maintaining its consumers' PII, Defendant agreed it would

safeguard the data in accordance with its internal policies as well as state law and

federal law.

21).    Despite recognizing its duty to do so, on information and belief, Greylock

McKinnon has not implemented reasonably cybersecurity safeguards or policies to

protect consumer PII or trained its IT or data security employees to prevent, detect,

and stop breaches of its systems. As a result, Greylock McKinnon leaves

significant vulnerabilities in its systems for cybercriminals to exploit and gain

access to consumers' PII.   <u>Greylock McKinnon Fails to Safeguard Consumers' PII</u>


22).    Plaintiff is not affiliated with Greylock McKinnon and is unsure how

Greylock McKinnon got his information.


23).    On information and belief, Greylock McKinnon collects and maintains

consumers' unencrypted PII in its computer systems.


24).    In collecting and maintaining PII, Defendant implicitly agreed that it will

safeguard the data using reasonable means according to their policies as well as

state  and federal law

---

About GMA, Greylock McKinnon Associates, https://www.gma-us.com/ (Last accessed March 25, 2024).

2 Greylock McKinnon Associates Information, RocketReach, https://rocketreach.co/greylock-mckinnon-associates- profile b7e6c2f9c07c2c34 (Last accessed March 25, 2024).

25). According to the Breach Notice, Greylock McKinnon claims that "[o]n May 30, 2022, [Greylock McKinnon] detected unusual activity on [its] internal network." Greylock McKinnon further admits that an internal investigation revealed that Plaintiff's "personal information may have been affected.

26). In other words, the Data Breach investigation revealed Defendant's cyber and data security systems were completely inadequate and allowed cybercriminals to obtain files containing a treasure trove of thousands of its consumers' highly private information.

27). Through its inadequate security practices, Defendant exposed Plaintiff's and my children's PII for theft and sale on the dark web.

28). On or about February 23, 2024-an appalling nine months after the Data Breach first occurred- Greylock McKinnon finally began notifying Class Members about the Data Breach.

29). Despite its duties to safeguard PII, Defendant did not in fact follow industry standard practices in securing consumers' PII, as evidenced by the Data Breach.

30). In response to the Data Breach, Greylock McKinnon contends that it

"consulted with third-party cybersecurity specialists to assist with our response to

and remediation of the incident. Although Defendant fails to expand on what

these hypothetical "remediation" efforts are, such actions, if implemented at all,

should have been in place before the Data Breach.

31). Through its Breach Notice, Defendant recognized the actual imminent harm
and Legal injury that flowed from the Data Breach.

32. In light of recent high profile data breaches, including, Microsoft (250 million

records, December 2019), Wattpad (268 million records, June 2020), Facebook

(267 million users,  April 2020), Estee Lauder (440 million records, January 2020),

Whisper (900 million records, March 2020), and Advanced Info Service (8.3

billion records, May 2020), Greylock McKinnon knew or should have known that

its electronic records would be targeted by cybercriminals.

33. Indeed, cyberattacks have become so notorious that the FBI and U.S. Secret

Service have issued a warning to potential targets, so they are aware of and take

appropriate measures to prepare for and are able to thwart such an attack.

34).    Again, The Defendants will claims these events are unintentional .......

Though this is yet again an unintentional event but yet..... illegal, unauthorized, a:

Violation of HIPAA, Negligence, Causes a Legal injury to Plaintiff and Failure to

Exercise Due care. The Department Of Justice concluded that the criminal      :

penalties for a violation of HIPPAA are directedly applicable to covered entities

including health plans, health care clearinghouses, health care providers who

transmit claims in electronic form, and Medicare prescription drug plan card

sponsors. Individuals such as directors, employees, or officers of the covered

entity, where the covered entity is not an individual, may also be directly

criminally liable under HIPAA in accordance with principles of "corporate

criminal liability.". Where an individual of a covered entity is not directly

liable under HIPAA, he/she can still be charged with conspiracy or aiding and

abetting.

35).                              (IV).

## Who Can be Held Liable for HIPAA Violations?

Though the Defendants Misconduct and actions were probably unintentional but :

yet illegal, unauthorized, a Violation of HIPPAA, a Violation of The Privacy Act, a

Violation of the U.S. Constitution, the 4th Amendment, Negligence, Cause a Legal

injury to Plaintiff and Defendant's Failure to Exercise Due care.

36). <u>The Department Of Justice concluded that the criminal penalties</u> for a violation of HIPAA are directedly applicable to covered entities -- including health plans, health care clearinghouses, health care providers who transmit claims in electronic form, and Medicare prescription drug plan card sponsors. Individuals such as directors, employees, or officers of the covered entity, where the covered entity not an individual, may also be directly criminally liable under HIPAA in accordance with principles of "corporate criminal liability.". Where an individua of a covered entity is not directly liable under HIPAA, he/she can still be charged with conspiracy or aiding and abetting.

37). **<u>The United States Supreme Court has broadly referred to the relief being sanctioned as "Money Damages" or "Money Awards"</u>**

Again, Plaintiff highlighted to Defendants that it may seek money to compensate for damages, or may ask the court to order a Permanent Injunction so that the defendant will stop the conduct that is causing the harm. And that The court may also order other types of relief, such as a declaration of the legal rights of the plaintiff in a particular situation....and that a Free Credit Monitoring Service is insufficient.

(V).

## The HIPAA Privacy Rule

38).   "The HIPAA Privacy Rule is a set of federal standards to protect the privacy of patients' medical records and other health information maintained by covered entities (health plans, which include many governmental health programs, such a the Veterans Health Administration, Medicare and Medicare; most doctors, hospitals and many other health care providers and health care clearinghouses) and by their business associates. The Privacy Rule provides patients with access {o their medical records and with other important rights. Compliance with the

Privacy Rule was required as of April 14, 2003 for most entities covered by HIPAA, AND BY September 23, 2013, for their business associates

****The HIPAA Security Rule establish national standards for the security of electronic protected health information. The Security rule specifies a series of administrative, technical, and physical security safeguards for covered entities and their business associate to ensure the integrity, availability, and confidentiality of electronic protected health information.

Compliance with the Security rule was required as of April 20, 2005, for most entities covered by HIPAA, and by September 23, 2013, for their business associates.....The authority to administer and enforce the Security Rule was transferred to OCR on July 27, 2009.

The HIPAA Breach Notification Rule requires covered entities and their business association to notify the Secretary, individuals, and in some cases, the media, regarding breaches of unsecured protected health information. Compliance with the standards was required as of September 23, 2009.

(VI).

## Willful Neglect

39).   Willful Neglect is defined as " conscious, intentional failure or reckless
indifference to the obligation to comply with the administrative simplification
provision violated" 45 CFR 160.401
( c) Noncompliance due to willful neglect

(1) In general

A violation of a provision of this part due to willful neglect is a violation for which
the Secretary is required to imposed a penalty under subsection (a)(l).

40).   Title II

Title two protects your personal health information from being release to third
parties without your express consent.

41).   HIPAA's "Privacy Rule" covers a person's private health information, which
includes medical bills, claim information, prescriptions, lab results, medical
opinions, and all other protected forms of PHI. Under this section, your PHI cannot
be distributed without your written authorization."

**42).   It's important to know the different between patient consent and patient
authorization. Consent generally means giving permission to have a medical1
procedure performed, or for medical information to be shared with doctors
during treatment.**

**Authorization generally means giving permission to have one's PHI
distributed to third parties, other than the original medical facility providing
treatment."**

43).   To be a legitimate authorization, there must be a written document, signed
by the patient, giving the named medical facility permission to use specific PHI for
matters other than medical treatment, payment, or surgeries. The Authorization
applies when a patient's PHI will be disclosed to a third party, such as an insurande
company, billing g company or even another doctor.

(VII).

## HIPAA Enforcement

44).  "HHS" Office for Civil Rights is responsible for enforcing the Privacy and

Security Rule. Enforcement of the Privacy Rule began April 14, 2003 for most

HIPPA covered entities.  action... are required by law to Maintain the Privacy of;

Protected Health Information     These responses of the Plaintiffs Complaint,

show the Court as follows:

(VIII).

## Criminal Penalties for HIPAA Violations.

45). "In June 2005, the U.S. Department of Justice (DOJ) clarified who can be held
criminally liable under HIPPAA. Covered entities and specified individuals who
"Knowingly" obtain or disclose individually identifiable health information n
violation of the Administrative Simplification Regulations face a fine of up   ;
to$50,000, as well as imprisonment up to one year.


Offenses committed under false pretenses allow penalties to be increased to a
$100,000 fine, with up to five years in prison. Finally, offenses committed with the
intent to sell, transfer, or use individually identifiable health information for
commercial advantage, personal gain or malicious hard permit fines of $250,000,
and imprisonment for up to 10 years."


Health and Human Services, HHS, is serious about enforcing rights guaranteed oy
the HIPPA Privacy Rule and ensuring provider cooperation with our enforcement
efforts."

## (IX).

## Where HIPAA does not apply....

46). In reality, HIPAA only applies to a narrow set of covered entities-health cate clearinghouses, health plans, and most health care **providers-as well as their business associates.[!]** Given the explosion in the use of health apps, connected devices, and other direct-to-consumer products and services that routinely collect health information, many companies and considerable swaths of health information remain outside the scope of HIPAA and have historically faced little regulation. I

The tide began turning on this front in 2023, with many of the year's most important headlines in health privacy generated by federal and state actions aimed at regulating companies and information not subject to HIPAA.

Back in February 2023, in the first of a flurry of enforcement actions, the Federal Trade Commission (FTC) imposed a $1.5 million civil penalty against GoodRx under the Health Breach Notification Rule (HBNR) and section 5 of the FTC Act

This marked the FTC's first enforcement action under the HBNR, a rule that too effect in 2009 requiring certain non-HIPAA-regulated entities to notify consumers, the FTC, and potentially media outlets in the event of a breach of health information.

In June, the FTC published a Notice of Proposed Rulemaking modifying the HBNR, with many of the modifications aimed at clarifying the FTC's intent to apply the HBNR to health apps and connected devices and to expansively interpryt what constitutes a "breach" under the rule.   !

**47). Mr. Plaintiff, Mr. Douse is still being harassed by these Breaches**

## (X).

48).                                    **Inclusion,**

Federal officials handling personal information are bound by the Privacy Act: not to disclose any personal information and to take certain precautions to keep personal information confidential. " Big Ridge.Inc. v. Fed. Mine Safety & Health Review Comm'n, 715 F.3d 631,650 (7th Cir. 2013). A disclosure can be by any means of communication - written, oral electronic, or mechanical.

Again, Defendants are strictly liable for any Breach, negligent, inaccuracies, Non compliance, invasion of Privacy, Emotional Distress as stress affects the Human Organs within my body.

**A Third party can be held liable for inducing the unauthorized,**

unprivileged disclosure of nonpublic medical information that a physician or hospital has learned within a physician-patient relationship.

Protected Health Information. "The Privacy Rule protects all "individually identifiable health information" held or transmitted by a covered entity or its business associate, in any form or media, whether electronic, paper, or oral. The

Privacy Rule calls this information "Protected health information (PHI)." "Individually identifiable health information" is information, including demographic data.,

## PLAINTIFF'S PRAYER FOR CLAIM FOR RELIEF
### (Negligence On Behalf of Plaintiff)

49). Plaintiff Seeks financial relief from Defendant GREYLOCK, MCKINNON,

ASSOCIATES, Inc. Compensatory Damages in the amount of $9,000, 000 (Nine

Million Dollars), Plus Punitive Damages, Costs, Pre and Post Interest Judgment.

Plaintiff  Pray is for Financial Relief as these events continue to happen

with no repercussion nor consequence nor fear to the Violating a party

Plaintiff is a Victims continue to suffer when Plaintiff is not at fault of my own.


### Relief Sought:

a). **a Permanent Injunction against Defendant** to prohibit this type of event from

happening going forward into the future.

b). Plaintiff's Bases for Demanded for Settlement is warranted.

c). Plaintiff and Plaintiff's children now has no privacy and currently not

associated with any wrong doing that caused this event.

Its not Right for Plaintiff nor its children to suffer for the Negligence of Defendant

Plaintiff AND my children needs Protection for its PII and PHI,

d)....4th Amendment of the U. S. Constitution "The right of the people to be secure in their persons, houses, papers,"

e). Protected Health Information. "The Privacy Rule protects all "individually identifiable health information" held or transmitted by a covered entity or its business associate, in any form or media, whether electronic, paper, or oral. The Privacy Rule calls this information "Protected health information (PHI)." "Individually identifiable health information" is information, including demographic data.,

50).  ....... Via Camp Lejeune Justice Act, CLJA, Plaintiff is a Pro Se Litigant (Admitted Pro Hae Vice)

Breach of Contract with its clients when it failed to use reasonable data security measures that could have prevented the Data Breach resulting ....compromising of Plaintiff and Plaintiff's children PII and PHI

Date July 7, 2025

James Nathaniel Douse, Pro Se
11523 Palmbrush Trail Unit 138
Lakewood Ranch, Fl. 34202

## CERTIFICATE OF SERVICE

On July 7, 2025 Plaintiff now further Certify that was Entities Below has

been served via United States Postal Service Priority Mail Delivery:

**and Will be Served via Process Server and Affidavit of Service will be Docketed**

RENEE RUSHNAWITZ, Registered Agent
Greylock McKinnon Associates
75 Park Plaza 4th Floor
Boston, MA. 02116

Respectfully Submitted,

James Nathaniel Douse, Pro Se.
11523 Palmbrush Trail Unit 138
Lakewood Ranch, Florida 34202
615-582-6318 Cell
941-761-5754 Fax
DDDNEIL83@GMAIL.COM